B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (For Court Use Only) |
|---|---|

| PLAINTIFFS<br>Reimundo Moreno<br>Dilcia Moreno<br>129 W 84th PL<br>Los Angeles, CA 90003 | DEFENDANTS<br>JPMorgan Chase, NA, as successor in interest by purchase by the Federal Deposit Insurance Corporation as receiver for Washington Mutual Bank |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Ali R. Nader, Esq., SBN 183134 (ali@naderlawfirm.com)<br>Amir A. Nader, Esq., SBN 277014 (amir@naderlawfirm.com)<br>NADER LAW FIRM, APLC<br>16530 Ventura Boulevard, Suite 405<br>Encino, California 91436<br>Telephone: (818) 788-5008    Facsimile: (818) 788-8846 | **ATTORNEYS** (If Known)<br>Kristin Webb, Esq.<br>Routh Crabtree Olsen, P.S<br>1241 E. Dyer Rd., Suite 250<br>Santa Ana, CA 92705 |
| **PARTY** (Check One Box Only)<br>[X] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor   [ ] Other<br>[ ] Trustee | **PARTY** (Check One Box Only)<br>[ ] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[X] Creditor   [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)
COMPLAINT TO DETERMINE VALUE OF REAL PROPERTY, DETERMINE THE EXTENT OF SECURED CLAIMS AND TO EXTINGUISH THE LIEN OF JPMORGAN CHASE, NA, AS SUCCESSOR IN INTEREST BY PURCHASE BY THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR WASHINGTON MUTUAL BANK

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[X] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

[ ] Check if this case involves a substantive issue of state law    [ ] Check if this is asserted to be a class action under FRCP 23

[ ] Check if a jury trial is demanded in complaint    Demand $

Other Relief Sought

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR<br>Reimundo Moreno<br>Dilcia Moreno | | BANKRUPTCY CASE NO.<br>2:12-bk-25266-VZ |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Honorable Vincent P Zurzolo |

| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

_/s/ Amir A Nader_
Amir A Nader, Esq.

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| August 31, 2012 | Amir A Nader, Esq. |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Ali R. Nader, Esq., SBN 183134 (ali@naderlawfirm.com)<br>Amir A. Nader, Esq., SBN 277014 (amir@naderlawfirm.com)<br>NADER LAW FIRM, APLC<br>16530 Ventura Boulevard, Suite 405<br>Encino, California 91436<br>Telephone: (818) 788-5008<br>Facsimile: (818) 788-8846<br><br>Attorney for Plaintiff | |

**UNITED STATES BANKRUPTCY COURT**
**Central District of California**

| In re:<br><br>Reimundo Moreno<br>Dilcia Moreno<br><br>Debtor(s). | CASE NO: 2:12-bk-25266-VZ<br><br>CHAPTER: 13<br><br>ADVERSARY NUMBER: |
|---|---|
| Reimundo Moreno<br>Dilcia Moreno<br><br>Plaintiff(s)<br>Versus<br>JPMorgan Chase, NA, as successor in interest by purchase by the Federal Deposit Insurance Corporation as receiver for Washington Mutual Bank<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _<br>Time: _<br>Courtroom: _ | Place:<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.1) with an attachment for additional parties if necessary (LBR form F 7016-1.1a). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                                   **KATHLEEN J. CAMPBELL**
                                                   **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding:

                                                 By: _____
                                                            Deputy Clerk

Ali R. Nader, Esq., SBN 183134 (ali@naderlawfirm.com)
Amir A. Nader, Esq., SBN 277014 (amir@naderlawfirm.com)
NADER LAW FIRM, APLC
16530 Ventura Boulevard, Suite 405
Encino, California 91436
Telephone: (818) 788-5008
Facsimile: (818) 788-8846

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Reimundo Moreno,<br>Dilcia Moreno,<br><br>     Debtors. | CHAPTER 13<br><br>Case Number: **2:11-bk-29990-VZ** |
| Reimundo Moreno,<br>Dilcia Moreno,<br><br>     Plaintiffs,<br>VS<br><br>JPMorgan Chase, NA, as successor in interest by purchase by the Federal Deposit Insurance Corporation as receiver for Washington Mutual Bank<br><br>     Defendant. | Adversary Case Number:<br><br>COMPLAINT TO DETERMINE VALUE OF REAL PROPERTY, DETERMINE THE EXTENT OF SECURED CLAIMS AND TO EXTINGUISH THE LIEN OF JPMORGAN CHASE, NA, AS SUCCESSOR IN INTEREST BY PURCHASE BY THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR WASHINGTON MUTUAL BANK |

COMES NOW Chapter 13 Debtors Blanca I Alvarez and Adrian H Alvarez (hereinafter the "Plaintiffs") and Complains against JPMORGAN CHASE, NA, AS SUCCESSOR INTEREST BY PURCHASE BY THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR WASHINGTON MUTUAL BANK:

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 (a);
2. This is a core proceeding under 28 U.S.C. § 157 (b) (2) (K) and (O);
3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409 (a), in that the instant proceeding is related to the case under Title 11 of the United States Code, which is before this Court;
4. On 04/30/2012, Plaintiffs filed a voluntary petition under Chapter 13 of the bankruptcy code, which was assigned case number 2:12-bk-25266-VZ;
5. At all relevant times, Plaintiffs resided at and was the owner of the real property in question commonly known as 129 W 84th PL, Los Angeles CA 90003 (hereinafter the "Real Property");
6. Plaintiffs are informed and believes that the Real Property is subject to a First Deed of Trust in favor of Wells Fargo Bank, NA (hereinafter "FIRST TRUST DEED CLAIM") which as of the filing date had a balance of $239,316.49;
7. Plaintiffs are informed and believe that the Real Property is subject to a Second Deed of Trust in favor of JPMorgan Chase, NA, as successor in interest by purchase by the Federal Deposit Insurance Corporation as receiver for Washington Mutual Bank (hereinafter "SECOND TRUST DEED CLAIM") which as of the filing date had a balance of $47,506.58;
8. Plaintiffs are informed and believe that as of 05/11/2012 the Real Property had a value of $175,000.00. This valuation is based on an appraisal conducted by a State of California Licensed Real Estate Appraiser.

## I.
## FIRST CLAIM FOR RELIEF
## VALUATION OF SECURITY

9. Plaintiffs re-allege the allegations in paragraphs 1 through 8 of the Complaint as if fully set forth here;
10. Plaintiffs allege that the Real Property became property of the bankruptcy estate upon the filing of the petition which commenced the underlying Chapter 13 case;
11. Pursuant to 11 U.S.C. § 506 (a) and Fed. R. Bankr. Proc. 3012, Plaintiffs request that the Court determine the value of the Real Property;

## II.

## SECOND CLAIM FOR RELIEF

### DETERMINATION OF THE EXTENT OF SECOND TRUST DEED CLAIM

12. Plaintiffs re-allege the allegations 1 through 8 of the Complaint as if fully set forth here;

13. Pursuant to 11 U.S.C. § 506 (a) and Fed. R. Bankr. Proc. 3012, Plaintiffs request that the Court determine the nature and extent of the SECOND TRUST DEED CLAIM on the Real Property;

## III.

## THIRD CLAIM FOR RELIEF

### EXTINGUISHMENT OF THE SECOND TRUST DEED CLAIMS

14. Plaintiffs re-allege the allegations in paragraphs 1 through 8, 9 through 11, and 12 and 13 of the Complaint as if fully set forth here;

15. Plaintiffs are informed and believe that the SECOND TRUST DEED CLAIM is completely unsecured and under applicable law may be determined to be a general unsecured claim;

16. Plaintiffs are informed and believe that the Court has the authority under applicable law, including 11 U.S.C. § 1322 (b), to treat the holder of the SECOND TRUST DEED CLAIM as an unsecured creditor;

17. Plaintiffs are informed and believe that under applicable law, upon completion of her chapter 13 plan and an issuance of discharge, the Court has the authority to extinguish the SECOND TRUST DEED CLAIM.

### REQUEST FOR JUDGMENTS AND ORDERS

Based on the foregoing, Plaintiff requests that the Court enter a judgment which:

1. Determines the value of the Real Property to be $175,000.00;
2. Determines that the FIRST TRUST DEED CLAIM is secured in an amount exceeding the value of the Real Property;
3. Determines that the SECOND TRUST DEED CLAIM is wholly unsecured;
4. Extinguishes the SECOND TRUST DEED CLAIM and permits modification of the claim under § 1322(b) (2); and
5. For such other and further relief as the Court deems just and proper.

Case 2:12-bk-25266-VZ    Doc 30    Filed 08/31/12    Entered 08/31/12 18:01:12    Desc
Main Document      Page 8 of 8

1
2
3                                               Respectfully submitted,
4                                               NADER LAW FIRM
5
6  DATED: August 31, 2012
7                                               _____
                                                Amir A. Nader
8                                               Attorney for Plaintiffs
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28